Midcontinent Carey Trust (an Express Trust) v. Commissioner.
Midcontinent Carey Trust v. Commissioner
Docket No. 108359.
United States Tax Court
1943 Tax Ct. Memo LEXIS 132; 2 T.C.M. (CCH) 710; T.C.M. (RIA) 43406; August 31, 1943
*132 George E. H. Goodner, Esq., Munsey Bldg., Washington, D.C., for the petitioner. Wilford H. Payne, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: This proceeding involves income and excess profits tax deficiencies as follows: Excess
Income tax
profits tax
1937
$7,256.95
$1,117.85
1938
2,646.59
1939
2,522.66
All issues but one have been stipulated or waived. Effect will be given to the stipulations of the parties in the computations for entry of decision under Rule 50. The only issue remaining is the capital stock value to be used in determining petitioner's excess profits tax liability for 1937, i.e., whether $386,000 as determined by respondent, or an adjusted declared value of $577,332.62, as contended for by the petitioner. Findings of Fact Petitioner is an express trust organized under the laws of Oklahoma in 1935 with its principal office in Tulsa, Oklahoma. It filed its returns for the taxable years with the collector of internal revenue at Oklahoma City. Petitioner originally filed fiduciary income tax returns for the taxable years on Form 1041. It refused to file capital stock tax returns for the taxable *133 years upon the advice of counsel that it was a trust and not an association taxable as a corporation. It never prepared or filed an income tax return for 1937 on a corporate basis. Following petitioner's refusal to execute capital stock tax returns a deputy collector in Oklahoma, acting under the authority of section 3176 of the Revised Statutes, prepared and filed for the petitioner on or about June 14, 1938, delinquent capital stock tax returns on Form 707 for the taxable years 1936 and 1937. These returns show a declared capital stock value for 1936 of $386,000 and an adjusted declared value for 1937 in a like amount with the following statement: "No adjustments - taxpayer filed income tax returns as a fiduciary - entering litigation protesting the Commissioner's ruling as to taxability as a corporation." In preparing said returns the deputy collector had at his disposal and use all of petitioner's books and records. The capital stock value fixed by the deputy collector is the same as the purchasers of beneficial interest paid for the shares or units in the petitioner. Petitioner paid the taxes assessed on the capital stock tax returns filed by the deputy collector for 1936 and *134 1937 in the amount of $386 for each year. The trustees of this petitioner were also trustees of other trusts of the same nature which had appealed from the Commissioner's determination that the trust was an association taxable as a corporation. After the trust was finally determined to be an association taxable as a corporation, Second Carey Trust v. Helvering, 126 Fed. (2d) 526, certiorari denied, 317 U.S. 642 (Oct. 12, 1942), this petitioner prepared and presented to the collector of internal revenue for filing "amended" capital stock tax returns for 1936 and 1937. The declared value of capital stock in the "amended" 1936 return was $600,000; the adjusted declared value in the "amended" 1937 return was $577,332.62. Petitioner tendered its check for $405 covering the additional tax due for 1936 and 1937 as shown by said amended returns in the respective amounts of $214 and $191. Petitioner's declared and adjusted capital stock values for 1936 and 1937 were fixed sufficiently high to wipe out the excess profits tax deficiency previously determined by respondent for 1937. Petitioner's "amended" returns for 1936 and 1937 together *135 with its check for $405 were received by the collector on or about December 8, 1942. The returns were not accepted by the collector for filing and the amount of the check is carried in the collector's suspense or unidentified account for refund to the petitioner pending instructions from the Commissioner of Internal Revenue. Claims for refund with respect to petitioner's capital stock taxes for 1936 and 1937 were subsequently filed by petitioner to protect its interests. It is stipulated that "for the taxable year 1937 petitioner is entitled to a deduction of $374.39 for depreciation in addition to the amount of depreciation allowed for that year in the statutory notice of deficiency." It is stipulated that "the correct deficiencies in Federal Income Taxes for the taxable years 1938 and 1939 are in the respective amounts of $2,526.86 and $2,471.12." Opinion The parties hereto agree that the issue herein is controlled by our decision in Second Carey Trust, 2 T.C. 1, promulgated August 27, 1943, and that except for the differences in names, dates and amounts, the material facts are in all respects similar. Our analysis confirms the statements of *136 counsel and upon authority of the cited case and for the reasons therein set forth we affirm the respondent's determination of the adjusted declared value of petitioner's capital stock for 1937. In view of the stipulations of the parties the deficiencies will have to be recomputed, and accordingly, Decision will be entered under Rule 50.